ABRAM FRELIGH, Respondent, *v.* THE DIRECTORS OF THE VILLAGE OF SAUGERTIES, Appellant.

*Villages incorporated by special charter — actions against, for personal injuries — notice of claim.*

The provision of the general law in relation to incorporated villages (Chap. 291 of the Laws of 1870, as amended by chap. 440 of the Laws of 1889) that "no action shall be maintained against the village for damages for personal injuries, or injury to property, alleged to have been sustained by reason of the negligence of the village, * * * unless the claim shall have been presented, and notice of the time and place at which such injuries were received shall have been filed with the village clerk, or duly presented to the board of trustees," applies to a village incorporated by a special charter containing no requirement of a notice of a claim for personal injuries, by force of the provision of chapter 308 of the Laws of 1884, that "the trustees and officers of any village of this State created by special charter shall have and possess the same powers as are prescribed in any general act for the incorporation of villages within this State, except as such special charter may be in conflict with any provision or provisions of said general acts."

The claims and notice required by the statute as a condition precedent to the bringing of an action against a village corporation for damages for a personal injury must be presented to the village authorities a sufficient time before the commencement of an action to give them a reasonable opportunity to examine the claim after it has been presented; commencing an action the same day, although after, the notice has been presented, is not a compliance with the spirit and intention of the law.

70    589
142a  347
70    589
21ap633

70h    589
83  AD²583
8?  AD²585

APPEAL by the defendant, the Directors of the Village of Saugerties, from a judgment of the County Court of Ulster county, entered in the office of the clerk of that county on the 7th day of January, 1892, upon the verdict of a jury in favor of the plaintiff, and from an order denying the defendant's motion for a new trial made upon the minutes.

_Charles Davis_ and _Peter Cantine_, for the appellant.

_Carroll Whitaker_, for the respondent.

HERRICK, J.:

The defendant in the above-entitled action appeals from a judgment rendered against it in the Ulster County Court, upon a verdict of a jury, for the sum of $311.26 damages and costs.

The action was brought to recover damages for the alleged negligence of the defendant in placing, causing or permitting to be placed, a large pole in one of the defendant's streets, outside of the curb line, against which pole the plaintiff's cart, carriage or wagon collided, and his horse, harness and cart were thereby injured.

The accident happened May 10, 1891. On May fourteenth, the plaintiff, through his attorney, mailed a notice, directed " to the Board of Directors of the Village of Saugerties, N. Y."

The notice was that the plaintiff had placed in the hands of the writer a claim against the village for the loss of a wagon, and for injuries to his person and property by reason of its coming in contact with a pole which stands in Post street. Such notice or letter contained no statement of the time when the accident happened, nor the particular portion of Post street where it happened.

It appears that the board of directors of Saugerties has regular meetings once a month; that it had its regular monthly meeting on the fourth day of May; the next meeting thereafter was a special meeting, held May twenty-first; at that meeting this notice or letter was presented, and on the same day a summons, dated May 20, 1891, was served upon the defendant's president.

Objection was made in behalf of the defendant to the plaintiff's notice or letter being received in evidence, upon the grounds that it had not been pleaded in the complaint; that the time of the accident was not stated, and that it was not such a demand as the law

required; the objection was overruled, and it was received in evidence.

The court held that as a notice it was insufficient; it held that the act of 1884, hereafter referred to, did not apply to the defendant; that defendant being incorporated under a special act or charter, which did not require any notice or claim for personal injuries to be given to it, that, therefore, no notice was to be given before commencing an action, but allowed the plaintiff to amend his complaint so as to plead that he had given notice under the law of 1889, so that plaintiff could raise the question as to whether the notice was sufficient. Chapter 308 of the Laws of 1884 reads as follows: " The trustees and officers of any village of this State created by special charter shall have and possess the same powers as are prescribed in any general act for the incorporation of villages within this State, except as such special charter may be in conflict with any provision or provisions of said general acts."

This law was evidently intended, as far as possible, to make the general laws of the State in relation to villages applicable to all villages of the State, except where there is something in the special charter granted to a village in conflict with such general law. It was intended to have one harmonious system of law in relation to the villages of the State.

In 1889, by chapter 440, the general law in relation to villages was amended, as follows: " No action shall be maintained against the village for damages for personal injuries, or injury to property, alleged to have been sustained by reason of the negligence of the village, or of any officer, agent or employee thereof, unless the same shall be commenced within two years after the cause of action therefor shall have accrued, nor unless the claim shall have been presented, and notice of the time and place at which such injuries were received shall have been filed with the village clerk, or duly presented to the board of trustees, within one year after such cause of action shall have accrued."

That became, and was at the time of the happening of the accident in question, a part of the general village law of the State. When we come to apply chapter 308 of the Laws of 1884, we apply it to the General Act for the Incorporation of Villages as it is at the time of the happening of the event which calls for a construc-

tion of the law; the law in relation to villages, at the time of the happening of this accident, was chapter 291 of the Laws of 1870, as amended by chapter 440 of the Laws of 1889, with which we are to couple chapter 308 of the Laws of 1884, and read them as one law, all of them having relation to the same subject, and intended for the same purpose, and in all its provisions, I think, applied to the defendant.

But it is said that chapter 308 is a grant of power to trustees and officers of villages incorporated by special charter, and that the provisions of chapter 440 of the Laws of 1889 do not come within the meaning of the word " powers; " that they do not confer any authority or ability upon villages or village officers, but are restrictions or limitations upon the acts of third persons against villages and village officers; the contention is, that all that was meant by the use of the word " powers," was ability to act, capacity to do something positive. I think that is too narrow a meaning, that the Legislature intended something broader.

" The word 'power' is sometimes used in the same sense as 'right.' " (Rapalje & Lawrence's Law Dictionary.)

" Sometimes the liability to be sued is spoken of as a corporate power, in defining the powers of corporations." (4 Am. & Eng. Ency. of Law, 188, 189.)

" The capacity to be acted upon in some particular manner, is also one of the definitions of power." (Worcester's Dictionary.)

It seems to me, therefore, that in chapter 308 of the Laws of 1884, when the Legislature said that the officers of any village incorporated by a special charter shall have and possess the same powers as are prescribed in any general act for the incorporation of villages, it meant that such officers should thereby not only have the same ability to act, but the same capacity to be acted upon, and the same rights as are granted to villages or the officers of villages incorporated under the general laws of the State; and, as under the general laws of the State, an action for an injury could not be brought against a village until a notice had been served, that the plaintiff in this action could not commence his case without serving the statutory notice. The presentation of such notice is a condition precedent to the bringing of an action. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Curry* v. *Buffalo*, 135 id. 366.)

In this case the notice is defective in that it did not specify the time of the accident, and I also think it was defective in that it was not more particular in specifying the place where the accident happened.

The notice was directed to the board of directors; of course it could not reach them until they met; they met on the evening of the twenty-first of May, and that same day the suit was commenced. Even if the notice had been regular in form, I do not think that that would have been a compliance with the statute; its purpose is to give the village authorities an opportunity to investigate the claim, and a chance to pay it if just, and so avoid the expense of litigation.

To receive the benefit intended by the statute, they must have a reasonable opportunity to examine the claim after it has been presented; commencing an action the same day, although after the notice has been presented, is not a compliance with the spirit and intention of the law.

The plaintiff having failed to comply with the law requiring him to give notice of his claim, he is not entitled to maintain his action, and judgment should be reversed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.