1894.] People ex rel. Kittredge et al. *v.* Mabie et al. 343

N. Y. Rep.]                    Statement of case.

but that the defendant had sustained damages in consequence of the non-performance of a separate contract to deliver warrants. But the court submitted to the jury, not only the defendant's claim for damages under the counterclaim, but also the question whether the contract was entire or had been severed, which was not specifically raised by the answer at all, and the verdict was for the plaintiffs. I think there was no error in this disposition of the case by the trial court; that the finding of the jury is conclusive upon this appeal, and that the judgment should be affirmed.

All concur, except PECKHAM, J., dissenting.

Judgment affirmed.

---

THE PEOPLE ex rel. LUCY D. KITTREDGE et al., Respondents, *v.* JOHN MABIE, 2d, et al., Appellants.

The provision of the general act for the incorporation of villages (§ 33, tit. 8, chap. 291, Laws of 1870, as amended by chap. 870, Laws of 1871), which provides that " boards of supervisors of the several counties are hereby authorized and empowered to extend the boundaries of any incorporated village within their respective counties," only applies to villages incorporated under said act, not to those organized under a special charter.

The power so to extend the boundaries of a village specially chartered is not given by the provision of the act of 1884 (Chap. 308, Laws of 1884), declaring " that the trustees and officers of any village of this state created by special charter, shall have and possess the same powers as are prescribed in any general act for the incorporation of villages," etc. The added powers are given to the village officers, not to the board of supervisors, and they do not include the enlargement of the village boundaries.

Where, therefore, the board of supervisors of Westchester county, on petition of the trustees of the village of Peekskill, organized under a special charter (Chap. 117, Laws of 1883), passed an act extending its boundaries, and the village assessors included in their assessment roll the lands so attempted to be brought within the corporate limits, *held,* that said assessments were illegal and were properly stricken from the roll.

(Argued April 23, 1894; decided May 1, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 14, 1893, which affirmed an order of Special Term striking from the assessment roll of the village of Peekskill certain assessments against the relators.

This was a proceeding by certiorari, under chapter 269 of the Laws of 1880, to reverse and strike from the assessment roll of the village of Peekskill, in the county of Westchester, certain assessments against the property of the relators which were alleged to be illegal.

Said village was incorporated under a special act in 1816, which was amended several times and finally revised and consolidated in 1883 (Laws of 1883, chap. 117), by which act its boundaries were fixed and declared (§ 1), and have not since been changed by any act of the legislature. On July 19, 1892, the board of supervisors of Westchester county, upon petition of the trustees of said village, passed an act by which the boundaries of the village were enlarged so as to include the houses and certain lands of the relators. Under said act the defendants, as assessors of said village, included in the village assessment roll said property of the relators.

*Edward Wells* for appellant. The writ is made returnable at a Special Term in the city of Newburgh. The Code (§ 2132) requires that when issued from the Supreme Court it must be made returnable at the office of the clerk of the county designated therein, wherein the determination to be reviewed was made. The cause must be heard at a General Term of the court. (Code Civ. Pro. § 2138.) The board of supervisors of Westchester county had power, on the petition of the village trustees, to enlarge the bounds of the village, and their act of July 19, 1892, was regular, legal and valid. (Laws of 1870, chap. 291, § 33; Laws of 1871, chap. 870, § 5; *Heckman* v. *Pinckney*, 81 N. Y. 211; *Harrington* v. *Rochester*, 10 Wend. 550; *McCanter* v. *Orphan Asylum*, 9 Cow. 437.) The action of the board of supervisors in enlarging the bounds was legislative and not judicial, and cannot be

1894.] People ex rel. Kittredge et al. *v.* Mabie et al. 345

N. Y. Rep.]        Opinion of the Court, per Finch, J.

reviewed by certiorari. (*People* v. *Suprs.*, 25 Hun, 131, 135.) The suggestion made by the relators, that the act of the supervisors enlarging the bounds is void, because it does not affirmatively appear that the new territory contains 300 resident inhabitants, as required by section 1 of act of 1870 (Chap. 291, p. 1972), as amended by act of 1871 (Chap. 870, § 1, p. 674), is not tenable; that section applies only to the population necessary to organize a village under the general law, and has no reference to a subsequent enlargement of territory, which does not require any particular number of resident population. (30 Hun, 649.)

*George F. Canfield* for respondent. Chapter 291 of the Laws of 1870, as amended by chapter 870 of the Laws of 1871, did not confer upon the board of supervisors of Westchester county the power to enlarge the boundaries of the village of Peekskill, as prescribed in the act of said board of July 19, 1892. (*People* v. *Jaehne*, 103 N. Y. 182; *Oakes* v. *M. Bank*, 100 U. S. 237; *People ex rel.* v. *McClave*, 99 N. Y. 83; Laws of 1884, chap. 308.) The jurisdiction of the assessors and that of the board of supervisors cannot be presumed, but must be affirmatively shown. (*People* v. *Morgan*, 55 N. Y. 587, 590.) The writ was properly directed, and was properly made returnable, and the cause was properly heard in the first instance at the Special Term. (Laws of 1880, chap. 269.)

Finch, J. The village of Peekskill was organized under a special charter. (Laws of 1883, chap. 117.) It had no power to enlarge or extend its own boundaries, but was dependent for that expansion upon the authority of the legislature, exercised directly or through some permitted but subordinate agency. In neither mode was that authority given, and the claim of the village to the contrary, upon which it ventured to act, cannot be supported. That claim rests upon a construction of the general act for the incorporation of villages. (Laws of 1870, chap. 291, as amended by Laws of 1871, chap.

870.) That statute on its face and by force of its own express terms is confined in its application to and is operative only upon villages incorporated under it. (Title 8, § 28.) The further provision, therefore, upon which the appellant relies (§ 33), that " the boards of supervisors of the several counties are hereby authorized and empowered to extend the boundaries of any incorporated village within their respective counties," must be read with the previous limitation as applicable, not to all villages, but to such as shall be organized under the general act itself. Otherwise the later section is made inconsistent with the earlier one and the latter is contradicted. In framing a general act the object was to enable villages to organize under it without need of an application to the legislature for special power or authority; and a provision committing all questions of boundary extension to the county supervisors was natural and prudent. But special charters, under which separate villages were organized, had each their own peculiar features, and were intended to be left to the law of their organization, except so far as a later enactment applied, upon which also the appellant relies. That provides (Laws of 1884, chap. 308) that " the trustees and officers of any village of this state created by special charter shall have and possess the same powers as are prescribed in any general act for the incorporation of villages within this state, except as such special charter may be in conflict with any provision or provisions of said general acts." That statute does not go far enough for the appellant's purpose, or cover the situation. The added powers given are explicitly to the village officers and trustees, and not to the county supervisors, whose authority is in no respect touched or enlarged : and it is simply the power of officers under special charters to which is added the power conferred on similar officers under the general act. Under that the village authorities could not enlarge their own boundaries, and so were obliged to apply elsewhere. The powers of the boards of supervisors were enlarged by giving them subordinate legislative control over the boundaries of such villages as were

formed under the general act, but no statute has authorized them to interfere with the lines of villages organized under special charters, and as to them the legislature has retained and not parted with its jurisdiction over boundaries. However broadly the word "powers" may be construed, as in *Freligh* v. *Saugerties* (70 Hun, 589), in which it was interpreted with great liberality, it is not elastic enough to add to and reach the powers of county supervisors, not named or referred to in the act.

The argument, that since the general act allows the county board to legislate "upon the petition" of the village officers, a power of petition is given to them which the law of 1884 carries over to officers under special charters, and, therefore, by implication we can say that the supervisors gained authority to act upon and grant the request, scarcely needs discussion. The clause referred to was merely a limitation of the authority conferred upon the supervisors, a condition precedent to their action, and not the grant of a new power to the village officers. Both sets of such officers, those under the general act and those under special charters, could petition for a change of boundaries, but one had to go with their requests to the supervisors and the other to the legislature.

It follows that the village was not enlarged, and the assessments founded on that supposition were properly stricken from the roll.

The order should be affirmed, with costs.

All concur.

Order affirmed.