HIGGINS v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by J. J. Higgins against the mayor, etc., of the city of New York. No opinion. Motion granted, with $10 costs. See 46 N. Y. Supp. 1093.

HIGGINS, Appellant, v. TEFFT et al., Respondents. (Supreme Court, Appellate Division, First Department. May 21, 1897.) Action by Francis Higgins, as receiver, against William E. Tefft, impleaded, etc. T. C. T. Crain, for appellant. J. H. Choate, for respondent. No opinion. Judgment affirmed, with costs. See 38 N. Y. Supp. 716.

HILL, Respondent, v. WARNER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Thomas Hill, Jr., against Abram L. Warner. No opinion. Order affirmed, with $10 costs and disbursements. See 42 N. Y. Supp. 1126.

HIRSH, Appellant, v. ROE, Respondent. (Supreme Court, Appellate Division, Second Department. October 26, 1897.) Action by Alexander Hirsh against Gilson G. Roe, the name "Gilson" being fictitious. No opinion. Order affirmed, with $10 costs and disbursements.

HOEFLER, Respondent, v. HOEFLER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Mary E. Hoefler against Mary R. Hoefler. No opinion. Judgment and order affirmed, with costs. See 42 N. Y. Supp. 1035.

HUNTLEY MANUF'G CO., Appellant, v. FT. STANWIX CANNING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by the Huntley Manufacturing Company against the Ft. Stanwix Canning Company. No opinion. Order affirmed, with $10 costs and disbursements.

IBBOTSON v. HAMILTON. (Supreme Court, Appellate Division, First Department. May 21, 1897.) Action by Marshall Ibbotson against Cornelius Hamilton. No opinion. Motion granted, with $10 costs.

JAMES v. HORN. (Supreme Court, Appellate Division, First Department. May 14, 1897.) Action by Mary C. James against James T. Horn. No opinion. Motion granted. See 46 N. Y. Supp. 187.

JOHNSTON v. MEANY. (Supreme Court, Appellate Division, Third Department. May 5, 1897.) Action by Robert A. Johnston against Joseph Meany, as executor, etc. No opinion. Motion denied, without prejudice to renew the same. See 45 N. Y. Supp. 1142.

KEARNS, Respondent, v. SUN PRINTING & PUBLISHING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Eugene Kearns against the Sun Printing & Publishing Company. No opinion. Judgment affirmed, with costs.

KEEFER, Appellant, v. McDOWELL, Respondent. (Supreme Court, Appellate Division, Third Department. September 28, 1897.) Action by Walter F. Keefer against Russell J. McDowell. No opinion. Judgment of the county court affirmed, with costs.

In re KEENAN'S WILL. (Supreme Court, Appellate Division, Third Department. May 5, 1897.) In the matter of the last will and testament of John Keenan, deceased. No opinion. Motion granted, upon payment of $10 costs.

KELLY, Appellant, v. CONNECTICUT MUTUAL LIFE INS. CO., Respondent. (Supreme Court, Appellate Division, Third Department. May 11, 1897.) Action by Joseph Kelly against the Connecticut Mutual Life Insurance Company. No opinion. Order affirmed, with $10 costs and disbursements.

KENNY et al., Respondents, v. SYKES, Appellant. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by Bridget Kenny and another against Jerome Sykes. C. C. Werner, for respondents. No opinion. Judgment affirmed, with costs.

KENYON, Appellant, v. HOOKWAY, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by George G. Kenyon against Willard E. Hookway. No opinion. Judgment affirmed, with costs, on the opinion of HISCOCK, J., delivered at trial term. See 41 N. Y. Supp. 230.

KINGSLEY, Respondent, v. CARLE, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 24, 1897.) Action by Wellington W. Kingsley against Frank M. Carle. No opinion. Motion denied, without costs.

KOENIG et al., Respondents, v. BLOOMGARTEN, Appellant. (Supreme Court, Appellate Division, Second Department. October 26, 1897.) Action by Edward Koenig and others against Henry Bloomgarten. No opinion. Appeal from order dismissed, without costs to either party. Judgment of the county court reversed, and that of the justice affirmed, with costs.

KOLB, Appellant, v. SCHMIDT, Respondent. (Supreme Court, Appellate Division, First Department. May 14, 1897.) Action by Theodore Kolb against Sigmund A. Schmidt. I. L. Bamberger, for appellant. A. H. Parkhurst, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

KRATZER, Respondent, v. WILLIAMS, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Thomas Kratzer against Louisa Williams. No opinion. Judgment affirmed, with costs.

KUNTZ, Plaintiff, v. VILLAGE OF CHARLOTTE, Defendant. (Supreme Court, Appellate Division. Fourth Department. October 15,

1897.) Action by Frederick Kuntz against the village of Charlotte. No opinion. Motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs. See Freligh v. Village of Saugerties, 70 Hun, 589, 24 N. Y. Supp. 182.

LAMON, Respondent, v. SICKLER et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 8, 1897.) Action by Mary Lamon against Charles D. Sickler and others. No opinion. Judgment affirmed, with costs.

LASHER et al., Respondents, v. VILLAGE OF SARATOGA SPRINGS, Appellant. (Supreme Court, Appellate Division, Third Department. May 7, 1897.) Action by Clark L. Lasher and another against the village of Saratoga Springs. No opinion. Judgment affirmed, with costs.

LATHAM et al., Appellants, v. FOLLETT, Respondent. (Supreme Court, Appellate Division, Third Department. May 18, 1897.) Action by Charles H. Latham and Horner H. Higley against David L. Follett. No opinion. Order affirmed, with $10 costs and disbursements.

LAWRENCE, Appellant, v. SCHAEFER, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Thomas E. Lawrence against Gustave A. Schaefer. No opinion. Motion granted, and a certificate allowed; the questions to be stated as proposed in the motion papers. See 46 N. Y. Supp. 719.

LEHMAN, Respondent, v. FRANK, Appellant. (Supreme Court, Appellate Division, Third Department. September 14, 1897.) Action by Alfred B. Lehman against Jacob Frank. No opinion. Motion for leave to go to the court of appeals denied. See 46 N. Y. Supp. 761.

LENT et al. v. SHEAR et al. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by David D. Lent, as receiver, and another, against Henry D. Shear and others. No opinion. Motion to amend the remittitur denied, without costs, and without prejudice to the right of the appellant's counsel to apply to ADAMS, J., for a memorandum of his dissent. See 46 N. Y. Supp. 1095.

LEVY, Respondent, v. CONSOLIDATED GAS CO., Appellant. (City Court of New York, General Term. October 26, 1897.) Action by Sarah Levy against the Consolidated Gas Company. Lord, Day & Lord, for appellant. Henry Schmitt, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial. The action is brought to recover damages alleged to have been sustained by the plaintiff in consequence of an escape of gas in the premises No. 2,503 Eighth avenue, New York City, on the 26th day of November, 1894. The appellant has doubtless stated the case as strongly as the evidence will warrant, in asking for a

reversal of the judgment, and we quote the following from its brief: "It appears by the testimony that on the 25th day of November, 1894, the plaintiff moved with her husband and one daughter into the premises in question, which consisted of a store, and living apartments in the rear. On the 26th day of November, according to the plaintiff's testimony, the defendant sent a young man to turn the gas onto the meter through which the premises were supplied with gas. This was about three o'clock in the afternoon. Later in the day, plaintiff was overcome by gas; and it is evident from the testimony of the policeman, Meyer, that this must have taken place at about a quarter of five. The plaintiff testified that at the time the gas was turned on she was in the kitchen; that she turned the gas on, and put it out, there, and then went into the store; that her son came in shortly after; that she complained of feeling badly, heard her husband come in, and then fainted." The witness Schweppenhauser, for the plaintiff, testified that a young lad came over to his shop, and asked him to go over and repair a gas leak in the house in question; that he went, and found a cap off the gas pipe, and put one on, so that the gas could not get out. He found a tap in the pipe, and the gas was coming out. The pipe was in the ceiling. There were no fixtures there, and he plugged up this tap, so that the gas could not get out. The witness examined to see if there were any other leaks on the premises, and says he did not discover any. Upon the defendant being notified of the occurrence, it sent to the plaintiff's husband a letter, which was put in evidence, stating that "upon investigation we find that we are in no way responsible for the escape of gas in your premises"; and subsequently, when the plaintiff's husband called at the defendant's office for an interview, the president of the defendant said to him, "We have sent a good mechanic there," and characterized the plaintiff's claim as "bosh," and added, "Go and sue." The plaintiff's version of the occurrence is as follows: "The young man came in, and asked me where the meter was, and I told him it was in the cellar. So he went down into the cellar, and afterwards came up, and said the meter was open, and he started to light the lights; and I tried to light up, and afterwards I turned them out; and then my son came in,—I turned down the lights. This man said the meter was open, and he then went away, and I turned out the lights myself. He told me to light the lights, and I did so." The testimony of the physician is to the effect that the plaintiff's sufferings were caused by the inhalation of illuminating gas, and that at the time of the trial she had not fully recovered from the effects of such inhalation. There is not in evidence any testimony whatever on behalf of the defendant to contradict any of the plaintiff's witnesses, and the jury found in favor of the plaintiff. We have examined the whole case, with a view to discover if any errors were committed upon the trial. The charge of the trial judge was eminently fair to the defendant, and our attention is not called to a single authority which calls for a different determination of the issues presented by the pleadings and the proof. A ruling in favor of the defendant upon every question raised during the progress of the trial would not have materially changed the aspect of the whole