(165 App. Div. 734)

HANER v. VILLAGE OF OWEGO.　(No. 316–49.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

MUNICIPAL CORPORATIONS (§ 812*)—DEFECT IN STREET—NOTICE OF INJURY—VERIFICATION—STATUTE.

　　The special statute incorporating a village, providing for the repair and maintenance of sidewalks, required one injured by any defective sidewalk in the village to give written notice of such injury to the board of trustees within 10 days. Village Law (Consol. Laws, c. 64) § 341, provided

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that no action for a personal injury from the negligence of a village or any officers should be maintained unless a written, verified statement of the nature of the complaint and the time and place of the injury was filed within 60 days. *Held*, that the defendant's charter provision for notice was exclusive, and that a notice need not be verified, but that under such provision the person injured must show, where the accident occurred by reason of a defect in "any sidewalk in said village," what particular sidewalk was defective, and fix the date of the accident, to show that notice was given within the time limited.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Appeal from Trial Term, Tioga County.

Action by Hattie M. Haner against the Village of Owego. From a judgment for plaintiff, and from an order denying its motion for a new trial (146 N. Y. Supp. 475), defendant appeals. Judgment and order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Benjamin W. Loring, of Owego, for appellant.

Wallis & Clifford, of Owego (F. W. Clifford, of Owego, and Davis & Lusk, of Cortland, of counsel), for respondent.

WOODWARD, J. The plaintiff brings this action to recover for personal injuries alleged to have been sustained by reason of a defective sidewalk maintained by the defendant, and the only question presented upon this appeal is whether the plaintiff, by a failure to verify her notice served upon the defendant, has failed to establish her cause of action. The village of Owego is incorporated under a special statute, and in the year 1900 its charter was amended, so that section 52 of the act provides for the construction, repair, and maintenance of sidewalks, and it is now necessary to a cause of action on account of injuries received by reason or on account of any defective condition of any sidewalk in said village that written notice of such injury shall be given to the board of trustees within 10 days after such injury shall have been caused. Laws 1851, c. 111, § 52, as amended by Laws 1900, c. 146. The complaint, while admitting that such notice was not given within 10 days of the accident, alleged that the notice was given as soon as the plaintiff was able to do so after the development of the injuries, and the case was tried upon the theory of substantial compliance, the jury finding in favor of the plaintiff.

No question is raised that the plaintiff established substantial compliance with this provision of the defendant's charter; but it is urged that, as section 341 of the Village Law (Consol. Laws. c. 64; Laws 1909, c. 64) provides that no "action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or any officer, agent or employé thereof, unless the same shall be commenced within one year after the cause of action therefor shall have accrued nor unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village

clerk within sixty days," the failure of the plaintiff to verify her notice served upon the defendant is fatal to the recovery. It is, perhaps, too late to question the ruling of the court in Freligh v. Village of Saugerties, 70 Hun, 589, 24 N. Y. Supp. 182, that the above quoted provision of the Village Law is applicable to a village created by special charter, where no requirement of notice is made in such special charter, by reason of the provisions now found in section 380 of the Village Law, notwithstanding the intimation of the court in People ex rel. Kittredge v. Mabie, 142 N. Y. 343, 347, 37 N. E. 115, but we are persuaded that the rule is not to be extended for the purpose of working injustice.

It is to be observed that the rule provided in section 341 of the Village Law relates to "negligence of the village or of any officer, agent or employé thereof," generally, without reference to any particular department, while the provisions of section 52 of the defendant's charter are confined to "any defective condition of any sidewalk in said village," and it is provided that in reference to any such accident there must be a "written notice of such injury * * * within ten days after such injury." Assuming that the general Village Law applies where no provision is made in the special charter, it does not follow that it is to be invoked where the Legislature has made a provision for the particular class of accidents under consideration, and we are of the opinion that the Legislature, having laid down a rule governing the practice where the injuries were received by reason of "any defective condition of any sidewalk in said village," this rule becomes exclusive under the well-known maxim, "Expressio unius est exclusio alterius." Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565.

A proper notice under the provisions of the defendant's charter would require, undoubtedly, a substantial compliance with the provisions of section 341 of the Village Law, with the exception that the notice need not be verified, for the reason that without such details there would be in contemplation of law a failure of notice. To bring the case within the limited provisions of section 52 of the defendant's charter it would be necessary to show that the accident occurred by reason of a defect in "any sidewalk in said village," and this is a statement of the nature of the claim. It is a claim for personal injuries "received by reason, or on account of any defective condition of any sidewalk in said village." It would be necessary to show what particular sidewalk was defective, in order to show that it was a sidewalk "in said village," and to meet the ordinary requirements of good faith in giving notice, and it would be necessary to fix the date of the accident for the purpose of showing that the notice was, in fact, given within the time limited by the special charter.

There is no suggestion that the plaintiff has not given all of this information in her notice as fully and completely as though she had attempted to bring herself within the provisions of section 341 of the Village Law. The only complaint is that she has failed to verify her notice, and we are clearly of the opinion that the law does not impose upon her this condition under the charter of the village of Owego in relation to an accident which happened by reason of a defective side-

walk. If the accident had happened outside of the sidewalk line, if it had not been owing to a defect in any of the sidewalks of the defendant village, another question would have been presented. But here the plaintiff claims under the special provisions of the charter of the defendant in relation to accidents upon the sidewalk, and she is not called upon to verify her claim, for a written notice only is required, and this court will not read into the statutory limitations upon common-law actions anything which the Legislature has not fairly provided.

This is not a case where the conditions precedent are to be regarded as cumulative, for the reason, as already pointed out, that the defendant's charter has made an exclusive provision for accidents of this particular character, and the notice required is substantially identical with that demanded by section 341 of the Village Law, except that it is upon a shorter time limit, and is not required to be verified.

The judgment and order appealed from should be affirmed, with costs. All concur.