14 N. Y. Supp. 642, 644. The Legislature having failed to prescribe the method of expunging, from an indictment containing a good count, irrelevant, scandalous, and prejudicial matter stated in a separate count professing to charge, but not charging, a crime, we are unwilling to concede that the court in which the indictment is tried is powerless to protect the defendant from so gross an injustice.

[6, 7] It is argued that, if the power to strike out matter in an indictment be held to exist, trial courts may err and the people have no remedy by appeal. "The legal presumption is that every court will decide right, and conduct the proceedings before them fairly, impartially, and correctly." Wolfe v. Burke, 56 N. Y. 115, 119. The right of appeal in criminal cases is purely statutory, and the Legislature has conferred appellate jurisdiction where it deemed it to be essential to promote substantial justice. People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108. Until jurisdiction is conferred to review intermediate orders on the appeal of the people, they must be satisfied with the determination of the court having original jurisdiction, acting within its legitimate power. Prohibition is not available. People ex rel. Martin v. Brady, 168 App. Div. 108, 153 N. Y. Supp. 893.

A final order should be made against the relator, without costs, authorizing the defendants, the justice and the adverse party, to proceed in the criminal action as if the alternative writ had not been issued. All concur.

---

(174 App. Div. 898)

### FIRST NAT. BANK OF WAVERLY v. WINTERS.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

LIBEL AND SLANDER ☞114—LIBEL PER SE —DAMAGES.

    Where writings published by defendant were libelous per se, in the absence of justification, the plaintiff is entitled to substantial damages.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 352; Dec. Dig. ☞114.]

    Cochrane, J., dissenting.

Appeal from Trial Term, Madison County.

Action by the First National Bank of Waverly against Byram L. Winters. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Byram L. Winters, of Waverly (James Moore, of Oneida, of counsel), for appellant.

Hinman, Howard & Kattell, of Binghamton (Archibald Howard, of Binghamton, of counsel), for respondent.

PER CURIAM. This is the third trial of this action now passing in review, and the evidence in no material aspect differs from that involved in the previous trial, which was under consideration in First National Bank v. Winters, 165 App. Div. 726, 151 N. Y. Supp. 332.

In reversing a judgment entered upon a verdict of no cause of action rendered by a jury, this court put the determination broadly upon the proposition that the verdict was so clearly against the weight of evidence that the judgment could not be permitted to stand; but the discussion shows conclusively that this court is committed to the theory that the articles published by the defendant, and of which the plaintiff complains, were libelous per se, and that in the absence of justification the plaintiff is entitled to substantial damages.

Upon the trial of the action now brought up for review the learned trial court charged in harmony with this theory, and these present the only substantial objections urged against the judgment in favor of the plaintiff. We see no reason for changing the views which we expressed upon the former appeal, and the judgment and order appealed from should be affirmed.

The judgment and order appealed from should be affirmed, with costs. All concur, except COCHRANE, J., who dissents on the ground that the court erroneously charged the jury as matter of law that the article constituting the basis of the second cause of action charged the plaintiff with the crime of larceny, and that the articles constituting the basis of the third cause of action charged the plaintiff with the crime of arson.